# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 1:18-MJ-517 |
| v. | The Honorable Michael S. Nachmanoff |
| MICHAEL L. JEFFERSON, JR., | Sentencing Date: April 9, 2019 |
| *Defendant*. | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Evan P. Clark, Special Assistant United States Attorney, in accordance with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission's Guidelines Manual (Guidelines), files this position of the government with respect to the sentencing of Michael Jefferson. On February 11, 2019, the Court accepted the defendant's guilty plea and scheduled sentencing for April 9, 2018. The government respectfully requests that the defendant be sentenced to a term of imprisonment of one month, followed by one year of supervised release.

### BACKGROUND

The defendant pleaded guilty to a one-count criminal information charging him with carrying a concealed weapon. According to the presentence investigation report (PSR), the Total Offense Level is 4 and the defendant's criminal history places him in Criminal History Category I. (PSR ¶ 21). The Guidelines suggest 0 to 6 months in custody.

The defendant's criminal history begins in 1998 when he was just 15. His course of criminal activity is interrupted only by the periods in which he was incarcerated. This history includes two juvenile adjudications and a dozen convictions as an adult. Notably, he received a conviction from King George County, Virginia, for carrying a concealed weapon (a .22 caliber handgun) in 2001. The General District Court sentenced him to 12 months of incarceration, with 9 months suspended for that offense. His other offenses include possession of marijuana, robbery, trespassing, assault and battery, and disorderly conduct.

## SENTENCING

I.    <u>Guidelines Calculation</u>

Although the Supreme Court rendered the federal Sentencing Guidelines advisory in *United States v. Booker*, 543 U.S. 220 (2005), "a sentencing court is still required to 'consult [the] Guidelines and take them into account when sentencing.'" *United States v. Clark*, 434 F.3d 684, 685 (4th Cir. 2006) (quoting *Booker*, 543 U.S. at 264). The Supreme Court has directed that district courts "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007).

A sentencing court should first calculate the range prescribed by the Sentencing guidelines after making the appropriate findings of fact. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). However, the sentencing court "may not presume that the Guidelines range is reasonable." *Nelson v. United States*, 555 U.S. 350, 352 (2009). The "Guidelines should be the starting point and the initial benchmark." *Gall*, 552 U.S. at 49; *see also Clark*, 434 F.3d at 685. The defendant's Criminal History Category III and Total Offense Level of 4 yield a Guidelines range of 0 to 6 months' imprisonment.

II.    <u>Section 3553(a) Factors</u>

In addition to the advisory Guidelines sentencing range, and pursuant to 18 U.S.C. § 3553(a), the district court should also consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to, among other things, reflect the seriousness of the offense and adequately deter criminal conduct; (3) the kinds of sentences available; (4) the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. Ultimately, the sentence imposed must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260-61.

The defendant has been in and out of custody for most of his adult life. His criminal conduct began with misdemeanor battery and disorderly conduct charges, and eventually escalated to armed robbery. Given the repeated, serious violations of the law, to include violent offenses, the Government is unconvinced that the defendant was carrying brass knuckles for self-defense. This is true even setting aside his past. Brass knuckles are an offensive weapon. It is unlikely that, if attacked, he would be able to reach the weapon and use it as a counter-measure. Far more important, it is illegal for him to carry a weapon regardless of his intent. His purported ignorance of whether it qualified as a weapon under the statute calls to mind the familiar axiom, ignorantia juris non excusat.

The instant conduct and his previous behavior on supervision further demonstrate the defendant's sustained disregard for the law, even after nearly a decade in prison. While he was on state supervision for the robbery conviction, he missed several appointments (including a mental health evaluation). Additionally, he submitted at least three urine samples positive for

marijuana (spread across several months), and one which was also positive for cocaine. On the day leading to this charge, he had marijuana and a grinder in the car.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of one month, followed by one year of supervised release.

Respectfully submitted,

G. Zachary Terwilliger,
United States Attorney

/s/
Evan P. Clark
Special Assistant United States Attorney

**Certificate of Service**

I hereby certify that a true and exact copy of the foregoing was filed on April 4, 2019, with the Clerk of the Court via the CM/ECF system, which will send a notification of such filing to counsel of record:

Maria Jacob
Office of the Federal Public Defender
1650 King Street
Alexandria, VA 22314
(703) 600-0819
Maria_jacob@fd.org

By: _____/s/_____
Evan P. Clark
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3706
Email: evan.clark@usdoj.gov